**ROTH v. RAIDLE, et al.**

No. 38,702.

Circuit Court, Palm Beach County.

March 24, 1960.

Redfearn, Ferrell & Simon, Miami, for plaintiff.

Burns, Middleton, Rogers & Farrell, Palm Beach, and McGee, McGee & Ewing, Lake Worth, for defendants.

JAMES R. KNOTT, Circuit Judge.

This cause is before the court primarily upon motions to dismiss the plaintiff's amended complaint for failure to state a cause of action in equity.

The amended complaint alleges in substance that plaintiff and the Raidle defendants ("Raidle") entered into a written contract whereby plaintiff was to receive a certain portion of a brokerage commission which might be payable to Raidle on account of the initial sale of certain lands owned by one Dolin; that upon the subsequent conveyance of said lands to defendant County Land Development Company ("County Land"), a brokerage commission was divided between plaintiff and Raidle; that County Land arranged to subdivide and sell parcels of the land to various individual purchasers, mortgages from whom were severally assigned to defendants Faber and Kaye, as trustees.

Plaintiff contends that the sale from Dolin to County Land was not a bona fide transaction; that County Land was only the alter ego of Raidle, who conspired with or secured the cooperation of defendants Levin (who organized County Land as a corporation), Faber and Kaye to utilize said corporation as a mere conduit or device to pass title from Dolin to the various ultimate purchasers mentioned, in order to create the appearance of two sales, although in actuality only one took place; the purpose being to fraudulently exclude plaintiff from participating or sharing in the brokerage commission payable to Raidle in the transaction between County Land and its grantees, which it is alleged plaintiff was entitled to do under his contract with Raidle.

Plaintiff seeks an accounting of the proceeds of the purported sales to County Land's grantees, and to impress a trust thereon, based upon the breach of an alleged fiduciary duty owed him by Raidle under their contract.

Plaintiff's claim for equitable relief is based upon his broad allegations that County Land was not in fact a bona fide purchaser from Dolin. The allegations of fact do not, however, suffice to support that conclusion, for unless Dolin (who is not named as a party defendant in the amended complaint) was guilty of complicity in the alleged "scheme" or participated in the proceeds of the transactions between County Land and its grantees — and there is no indication that his part in the whole matter did not terminate absolutely upon his sale to County Land — the initial sale from Dolin to County Land in legal contemplation cannot be viewed as other than bona fide in nature. It follows that under the averments of the complaint under consideration the plaintiff in fact received the monies to which he was entitled under his contract with Raidle.

It is thereupon ordered, adjudged and decreed that the motions of the defendants Raidle, County Land, and Levin to dismiss the amended complaint herein are severally granted, with leave to the plaintiff to file a second amended complaint within 20 days from date hereof. It is unnecessary under the circumstances to rule upon the motions of the defendants Faber and Kaye to dismiss the amended complaint on jurisdictional grounds.